1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   WAYNE SEARE and MARINETTE TEDECO,          Case No. 2:16-CV-907 JCM (CWH)

8                                    Plaintiff(s),          ORDER

9         v.

10  THE BANK OF NEW YORK MELLON fka
    THE BANK OF NEW YORK AS TRUSTEE
11  FOR THE CERTIFICATE HOLDERS OF THE
    TRUST 2007-18CB, et al.,
12
                                    Defendant(s).
13

14

15      Presently before the court is *pro se* plaintiffs Wayne Seare's and Marinette Tedoco's

16  motion for recusal of the Honorable James C. Mahan.  (ECF No. 25).

17      "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any

18  proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

19  Pursuant to 28 U.S.C. § 455, the presiding judge determines whether recusal is warranted.  *United*

20  *States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978).  Section 455(a) is broad, requiring recusal

21  "in any proceeding in which [a judge's] impartiality might reasonably be questioned."  28 U.S.C.

22  § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

23      However, for § 455 recusal to be warranted, the source of any alleged bias must generally

24  be extrajudicial.  *Liteky v. United States*, 510 U.S. 540, 551 (1994).  Judicial bias or prejudice

25  formed during current or prior proceedings is insufficient for recusal unless the judge's actions

26  "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*

27  at 555.   Thus, judicial rulings will support a motion for recusal only "in the rarest of

28  circumstances."  *Id.*

James C. Mahan
U.S. District Judge

1        In the instant motion, plaintiffs contend that the facts of this case would plainly lead a

2  reasonable person to conclude that Judge Mahan's impartiality might reasonably be questioned.

3  (ECF No. 25 at 3–4).  In support, plaintiffs list cases in which the court dismissed complaints

4  pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that these dismissals show a clear

5  prejudice against *pro se* litigants and bias in favor of the banks.  (ECF No. 25 at 4–5).

6        In particular, plaintiffs argue, *inter alia*, that the complaints in these cases were dismissed

7  despite the fact that those plaintiffs correctly asserted that defendants had no right to foreclose.

8  (ECF No. 25).  Plaintiffs thus concludes that these dismissal orders show "a distinct bias against

9  Pro Se litigate with favoritism towards the Wall Street Defendants."  (ECF No. 25).

10       Plaintiffs' argument is based on a misinterpretation of the law and rules applied in these

11  dismissal orders.

12       For example, in *Williams v. Bank of America, N.A., et al*., case number 2:16-cv-00199-

13  JCM-PAL, the claims in the complaint were dismissed for the following reasons: time-barred by

14  the statute of limitations; plaintiff's failure to respond; and not legally cognizable.  (ECF No. 25

15  at 36–42).

16       In *Wong v. Countrywide Home Loans, Inc., et al*., case number 2:15-cv-01398-JCM-VCF,

17  the claims in the complaint were dismissed, *inter alia*, for lack of standing.  (ECF No. 25 at 47–

18  55).

19       In *Philip v. BAC Home Loans Servicing, LP, et al.*, case number 2:11-cv-01499-JCM-PAL,

20  the wrongful foreclosure claim was dismissed because the power of sale had not yet been

21  exercised, which is required to state a wrongful foreclosure claim, the slander of title claim was

22  dismissed because plaintiff failed to sufficiently allege the falsity of the communications upon

23  which the claim was based, the civil conspiracy claim was dismissed because plaintiff failed to

24  plead the claim with the required specificity under Federal Rule of Civil Procedure 9, and the quiet

25  title claim was dismissed as not legally cognizable.  (ECF No. 25 at 59–62).

26       The remaining orders that plaintiffs cite to similarly dismissed claims based on proper

27  grounds under case law and Federal Rules of Civil Procedure.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiffs further argue that "[n]umerous cases involving pro se litigants have been dismissed without even as much as a hearing." (ECF No. 25 at 4). This argument fails because, as set forth by Local Rule 78-1, "all motions may be considered and decided with or without a hearing." LR 78-1.

Accordingly, the court finds that plaintiffs have failed to show that recusal is warranted and that the orders cited do not support their motion for recusal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that *pro se* plaintiffs' motion for recusal of the Honorable James C. Mahan (ECF No. 25) be, and the same hereby is, DENIED.

DATED November 2, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -