1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WAYNE SEARE, *et al.*,

               Plaintiffs,

    v.

BANK OF NEW YORK MELLON, *et al.*,

               Defendants.

Case No. 2:16-cv-00907-JCM-CWH

ORDER

Presently before the court is a motion to dismiss filed by defendants Bank of New York Mellon ("BNYM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Seaside Trustee Inc. ("Seaside" and collectively, with BNYM and MERS, as "defendants").  (ECF No. 6).  Plaintiffs Wayne Seare ("Seare") and Marinette Tedoco ("Tedoco" and collectively, with Seare, as "plaintiffs") filed a response.  (ECF No. 8).

Also before the court is defendants' motion to dismiss.  (ECF No. 11).  Plaintiffs filed a response (ECF No. 15), to which defendants replied (ECF No. 18).

**I.      Facts**

This case involves a dispute over real property located at 23 Desert Palm Drive, Las Vegas, Nevada 89183 (the "property").

On April 27, 2007, Sherry Morales obtained a loan for $322,896.00 to purchase the property, which was secured by a deed of trust under which MERS was beneficiary.  On March 2, 2012, MERS assigned the deed of trust to BNYM via an assignment of deed of trust recorded on March 6, 2012.

On June 28, 2014, Morales purported to convey title to the property to plaintiffs via a

quitclaim deed, breaching the terms of her loan agreement.  (ECF No. 11 at 3).

On July 28, 2015, Seaside, acting on behalf of BNYM, recorded a notice of breach and default and election to sell.  On March 28, 2016, the foreclosure mediation program issued a certificate indicating that a mediation conference was held on January 22, 2016, and no resolution resulted.  (ECF No. 11 at 3).  The certificate stated that the beneficiary may proceed with the foreclosure process.  (ECF No. 11, exh. F).

On May 31, 2016, defendant Duke Partners II LLC purchased the property for $192,000.01.  (ECF No. 11 at 3).

On April 21, 2016, plaintiff filed the original complaint (ECF No. 2), which they later amended on July 7, 2016 (ECF No. 9).  In their amended complaint, plaintiffs allege twenty-two (22) causes of action.  (ECF No. 9).  In sum, claims (1) through (15) seek declaratory relief, claim (16) seeks a cancellation of the instruments, claim (17) alleges fraud and deceit, claims (18) and (19) allege violations of New York General Business Law § 349 and Nevada Business and Professional Code, claims (20) and (21) allege violations of 15 U.S.C. §§ 1692e and 1641(g), and claim (22) alleges a statutorily defective foreclosure.  (ECF No. 9).

Plaintiffs seek a declaration, *inter alia*, that the assignment of deed of trust recorded on March 6, 2012, wherein MERS assigned the deed of trust to BNYM, is void.  (ECF No. 9 at 13).  Plaintiffs argue that the assignment conflicts with the original promissory note and thus should be voided.  (ECF No. 9 at 12–13).

In the instant motion, defendants move to dismiss the amended complaint.  (ECF No. 11).

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III.   Discussion

As an initial matter, the court acknowledges that plaintiffs' complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A

3

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).  However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

In their amended complaint, plaintiffs assert that declaratory relief is mandatory because an appealable situation arises if plaintiffs plead that the assignment is both void and valid.  (ECF No. 9 at 5).  Federal Rule of Civil Procedure 8(d)(2), however, specifically addresses plaintiffs' situation, providing that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."  Fed. R. Civ. P. 8(d)(2).

### A.    Declaratory Relief & Other Relief (claims 1 through 16)

Claims (1) through (15) of plaintiffs' amended complaint seeks declaratory relief as to various issues (ECF No. 9 at 12–57) and claim (16) seeks a cancellation of the instruments (ECF No. 9 at 58).

"In order '[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction.'"  *Ajetunmobi v. Clarion Mortg. Capital, Inc*., 595 F. App'x 680, 684 (9th Cir. 2014) (quoting *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)).  "Declaratory and injunctive relief are remedies, not causes of action."  *Id*.  Thus, these remedies may be available to plaintiffs after they have sufficiently established and proven their claims.  *See, e.g.*, *In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief).

As plaintiffs have yet to sufficiently establish or prove any of their claims, the court will dismiss claims (1) through (16) without prejudice as they are claims for declaratory relief and not independent causes of actions.

### B.    Fraud & Deceit (claim 17)

In claim (17) of their amended complaint, plaintiffs allege fraud and deceit against

4

defendants, claiming that defendants knew or should have known that the recorded documents were false, that defendants induced plaintiffs to engage in conduct with the intent to deceive and defraud plaintiffs, and that plaintiffs acted in reliance on defendants' representations.  (ECF No. 9 at 61–62).

To state a claim for fraudulent misrepresentation, a plaintiff must allege: (1) that defendant made a false representation; (2) with knowledge of its falsity; and, (3) with the intent to induce reliance on the misrepresentation.  *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

In alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).  To meet this standard, plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Here, plaintiffs fail to allege fraud and deceit with the requisite particularity under Rule 9(b).  Plaintiffs' amended complaint fails to set forth sufficient details regarding the role of each defendant in each scheme and the time, place, and manner of each act of fraud.  Plaintiffs merely make the conclusory allegation—that defendants "took affirmative steps to conceal the true facts from [p]laintiffs" that defendants did not have the right to foreclose—without setting forth sufficient factual support.  (ECF No. 9 at 62).

Accordingly, plaintiffs' fraud and deceit claim will be dismissed without prejudice.

**C.      Violations of New York General Business Law § 349 (claim 18) & Nevada Business and Professional Code (claim 19)**

In claims (18) and (1) of their amended complaint, plaintiffs allege that defendants' deceptive scheme originated in New York and injured plaintiffs in transactions that occurred in New York and Nevada.  (ECF No. 9 at 63–64).  Plaintiffs further allege that defendants engaged in unfair business practices with respect to mortgage servicing and related matters.  (ECF No. 9 at 65–66).

Section 349 of the New York General Business Law provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in

this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349(a).  As defendants correctly argue, § 349 does not apply to residential lending or foreclosure matters.  (ECF No. 11 at 14).  In *DeJesus v. BAC Home Loans Servicing, LP*, the court dismissed plaintiff's § 349 claim that was based on a dispute over the validity of an assignment of a note and mortgage finding that plaintiff failed to plead a consumer-oriented practice by defendants because the dispute was "unique to the parties involved."  No. 13-CV-2864 KAM VVP, 2014 WL 4804999, at *5 (E.D.N.Y. Sept. 26, 2014).

NRS 598 governs deceptive trade practices in the sale and lease of consumer goods and services.  NRS 598 is not made expressly applicable in the context of obtaining a home loan secured by real property or the foreclosure thereof.  *See, e.g.*, *Fung Ying Leung v. Mortg. Elec. Registration Sys., Inc.*, No. 2:12-CV-1393 JCM VCF, 2013 WL 237225, at *3 (D. Nev. Jan. 22, 2013); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10–cv–01730–KJD–RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) ("NRS § 598 . . . applies only to goods and services and not to real estate loan transactions."); *Alexander v. Aurora Loan Servs.*, No. 2:09–cv–1790–KJD–LRL, 2010 WL 2773796, at *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [NRS § 598] does not provide an avenue for relief to plaintiff.").

Accordingly, claims (18) and (19) of plaintiffs' amended complaint will be dismissed without prejudice.

**D.     Violations of 15 U.S.C. § 1692e (claim 20) & 15 U.S.C. § 1641(g) (claim 21)**

Claims (20) and (21) assert claims under the Federal Debt Collection Practice Act and the Truth in Lending Act, respectively.  (ECF No. 9 at 69, 72).

It is well established that non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and similar state statutes.  *Rinehold v. Indymac Bank, FSB*, No. 3:10-CV-0476-LRH-VPC, 2011 WL 13856, at *2 (D. Nev. Jan. 4, 2011) (citing *Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002)).  "Further, the legislative history of the FDCPA conclusively indicates that a debt collector does not include a mortgage servicing company, or an assignee of a debt, as long as the

debt was not in default at the time it was assigned." *Id.* (citing S. Rep. No. 95–382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1965, 1968).  Thus, plaintiffs' FDCPA claim fails to state a claim and will be dismissed without prejudice.

As to their Truth in Lending Act ("TILA") claim, plaintiffs allege that defendants became the owner of the note but failed to send plaintiffs a notice within 30 days of the transfer as required by 15 U.S.C. § 1641(g).  (ECF No. 9 at 74).

Subsection (g) of 15 U.S.C. § 1641 provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."  15 U.S.C. § 1641(g)(1).

Plaintiffs' TILA claim fails on its face because, at the time of the assignment of the deed of trust, plaintiffs were not the borrowers and were not entitled to any notice under § 1641(g). Plaintiffs assert that Morales conveyed title to the property to plaintiffs on June 28, 2014, and that MERS assigned the deed of trust to BNYM via an assignment of deed of trust recorded on March 6, 2012.  Thus, plaintiffs' TILA claim will be dismissed without prejudice as it fails to sufficiently state a TILA claim.

### E.     Statutorily Defective Foreclosure (claim 22)

A deed of trust does not convey title so as to allow the beneficiary to obtain the property without foreclosure and sale, but is merely a lien on the property as security for a debt, subject to the laws on foreclosure and sale.  *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012) (citing *Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 901–02 (Nev. 2008); *Orr v. Ulyatt*, 43 P. 916, 917–18 (Nev. 1896)).  "To enforce the obligation by nonjudicial foreclosure and sale, '[t]he deed and note must be held together because the holder of the note is only entitled to repayment, and does not have the right under the deed to use the property as a means of satisfying repayment.'"  *Id.* (quoting *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011)).

Plaintiffs' amended complaint alleges that "[d]efendant MERS executed an assignment of [d]eed of [t]rust purportedly transferring all beneficial interest to [d]efendant BONY as [t]rustee

for CWALT2007-18CB, together with the [n]ote."  (ECF No. 9 at 77).  But, plaintiffs argue that MERS cannot legally receive a note.  (ECF No. 9 at 77).  Plaintiffs' statutorily defective foreclosure claim is premised on the assumption that defendants lacked the power to foreclose. (ECF No. 9 at 77).

The Nevada Supreme Court has held that "MERS holds an agency relationship with [the lender] and its successors and assigns with regard to the note.  Accordingly, MERS, as an agent for [the lender] and its successors and assigns, had authority to transfer the note on [the lender's] behalf."  *Edelstein*, 286 P.3d at 258; *see also Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1044 (9th Cir. 2011) (holding that MERS may act as a beneficiary of the trust deed).

. Here, the deed of trust expressly provides that "MERS is a separate corporation that is acting solely as nominee for Lender and Lendor's successors and assigns.  MERS is the beneficiary under this Security Instrument."  (ECF No. 11-1 at 3).

When a grantor defaults on the note, the deed-of-trust beneficiary can select the judicial process for foreclosure pursuant to NRS 40.430 or the "nonjudicial" foreclosure-by-trustee's sale, as here, procedure under NRS Chapter 107.  *Nevada Land & Mtge. v. Hidden Wells*, 435 P.2d 198, 200 (Nev. 1967).  In nonjudicial foreclosures by trustee's sales, the trustee (here Seaside) may sell the property to satisfy the obligation only after certain statutory requirements are met.  Nev. Rev. Stat. § 107.080.

In general, these statutory requirements include the following: (1) the trustee must give notice by recording a notice of default and election to sell and serving the grantor with a copy of that notice (Nev. Rev. Stat. § 107.080(2)(c)); (2) the grantor then has a certain number of days in which to make good the deficiency (Nev. Rev. Stat. § 107.080(2)(a), (b)); (3) thereafter, three months after the recording of the notice of default, the trustee must give notice of the sale (Nev. Rev. Stat. § 107.080(4)); and (4) after the sale, title vests in the purchaser.  *See, e.g.*, *Edelstein*, 286 P.3d at 254.  Further, for a valid nonjudicial foreclosure sale to occur under NRS 107.080, a foreclosure mediation program ("FMP") certificate must be issued. Nev. Rev. Stat. § 107.086; *see also Holt v. Reg'l Trustee Servs. Corp*., 266 P.3d 602, 606 (Nev. 2011).

However, a sale may be void via court action if the sale was carried out without

substantial compliance with the aforementioned statutory requirements.  *See* Nev. Rev. Stat. § 107.080(5); *see also Edelstein*, 286 P.3d at 254; *Rose v. First Federal Savings & Loan*, 777 P.2d 1318, 1319 (Nev. 1989).

"To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing." *Edelstein*, 286 P.3d at 260.  Here, plaintiffs acknowledge that they participated in the foreclosure mediation with BNYM, but argue that BNYM was not the true beneficiary at that time.  (ECF No. 9 at 56).  The certificate expressly provides that the "Beneficiary may proceed with the foreclosure process."  (ECF No. 11-6).

Further, BNYM asserts that it had the right to enforce the deed of trust because MERS assigned its beneficial interest in the deed of trust to BNYM.  (ECF No. 11 at 3).  Attached to its motion, BNYM provides the foreclosure mediation certificate (ECF No. 11-6), the assignment of deed of trust (ECF No. 11-2), and the requisite recorded notices (ECF Nos. 11-5, 11-7).

In light of the foregoing, the court will grant defendants' motion to dismiss without prejudice as to plaintiffs' statutorily defective foreclosure claim.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that the motion to dismiss (ECF No. 22) filed by defendants Duke Partners II, LLC, Wedgewood, Inc., and Wedgewood, LLC be, and the same hereby is, DENIED as moot.

DATED THIS 24th day of February, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

9