UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE SEARE and MARINETTE TEDECO, <br><br> Plaintiff(s), <br><br> v. <br><br> THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE TRUST 2007-18CB, et al., <br><br> Defendant(s). | Case No. 2:16-CV-907 JCM (CWH) <br><br> ORDER |

Presently before the court is *pro se* plaintiffs Wanye Seare's and Marinette Tedoco's motion for leave to file second amended complaint. (ECF No. 37). Defendants Bank of New York Mellon ("BNYM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Seaside Trustee Inc. ("Seaside" and collectively, with BNYM and MERS, as "defendants") filed a response. (ECF No. 39). Plaintiffs have not replied, and the period to do so has since passed.

Also before the court is plaintiffs' motion for reconsideration. (ECF No. 38). Defendants filed a response. (ECF No. 40). Defendant Duke Partners II, LLC also filed a response. (ECF No. 41). Plaintiffs have not replied, and the period to do so has since passed.

**I.   Facts**

This case involves a dispute over real property located at 23 Desert Palm Drive, Las Vegas, Nevada 89183 (the "property").

On April 27, 2007, Sherry Morales obtained a loan for $322,896.00 to purchase the property, which was secured by a deed of trust under which MERS was beneficiary. On March 2,

**James C. Mahan**
**U.S. District Judge**

2012, MERS assigned the deed of trust to BNYM via an assignment of deed of trust recorded on March 6, 2012.

On June 28, 2014, Morales purported to convey title to the property to plaintiffs via a quitclaim deed, breaching the terms of her loan agreement. (ECF No. 11 at 3).

On July 28, 2015, Seaside, acting on behalf of BNYM, recorded a notice of breach and default and election to sell. On March 28, 2016, the foreclosure mediation program issued a certificate indicating that a mediation conference was held on January 22, 2016, and no resolution resulted. (ECF No. 11 at 3). The certificate stated that the beneficiary may proceed with the foreclosure process. (ECF No. 11, exh. F).

On May 31, 2016, defendant Duke Partners II LLC purchased the property for $192,000.01. (ECF No. 11 at 3).

On April 21, 2016, plaintiffs filed the original complaint (ECF No. 2), which they later amended on July 7, 2016 (ECF No. 9). In their amended complaint, plaintiffs allege twenty-two (22) causes of action. (ECF No. 9). In sum, claims (1) through (15) seek declaratory relief, claim (16) seeks a cancellation of the instruments, claim (17) alleges fraud and deceit, claims (18) and (19) allege violations of New York General Business Law § 349 and Nevada Business and Professional Code, claims (20) and (21) allege violations of 15 U.S.C. §§ 1692e and 1641(g), and claim (22) alleges a statutorily defective foreclosure. (ECF No. 9).

Plaintiffs seek a declaration, *inter alia*, that the assignment of deed of trust recorded on March 6, 2012, wherein MERS assigned the deed of trust to BNYM, is void. (ECF No. 9 at 13). Plaintiffs argue that the assignment conflicts with the original promissory note and thus should be voided. (ECF No. 9 at 12–13).

On February 24, 2017, the court granted defendants' motion to dismiss (ECF No. 11) pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed plaintiffs' amended complaint (ECF No. 9). (ECF No. 36).

In the instant motions, plaintiffs move for reconsideration of the court's February 24th order and leave to file a second amended complaint. (ECF Nos. 38, 37). The court will address each as it sees fit.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.     Discussion

As an initial matter, the court acknowledges that plaintiffs' motions were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

"Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, plaintiffs have failed to provide a memorandum of points and authorities in support of their instant motions. Under the local rules, failure to provide a memorandum of points and authorities constitutes consent to the denial of the motion. *See* LR 7-2(a), (d). Therefore, plaintiffs have consented to the denial of their instant motions.

Notwithstanding, the instant motions fail on the merits. Plaintiffs move for reconsideration of the court's February 24th order, wherein the court dismissed plaintiffs' amended complaint—specifically, all 22 causes of action set forth therein—for failure to state a claim upon which relief may be granted (ECF No. 36). (ECF Nos. 37, 38). Plaintiffs argue that having recently been made aware of the heightened pleading requirements for fraud and deceit claims, they should be granted leave to file a second amended complaint because it would be more judicially efficient. (ECF Nos. 37, 38).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

James C. Mahan
U.S. District Judge

1    Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however,
2    "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and
3    conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)
4    (internal quotations omitted).  A motion for reconsideration "may not be used to raise arguments .
5    . . for the first time when they could reasonably have been raised earlier in litigation." *Kona
6    Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored.
7    A movant must not repeat arguments already presented unless (and only to the extent) necessary
8    to explain controlling, intervening law or to argue new facts.  A movant who repeats arguments
9    will be subject to appropriate sanctions.").

   Here, plaintiffs have failed to show that reconsideration is appropriate.  In particular, plaintiffs do not present any newly discovered evidence, any clear error/manifestly unjust circumstances, or an intervening change in controlling law.  *See School Dist. No. 1J*, 5 F.3d at 1263.  Similarly, plaintiffs have failed to provide any argument in support of their motion to amend.  Plaintiffs' motion to amend seeks to cure the same deficiencies that their first amended complaint purported to cure.  While the court acknowledges that plaintiffs are *pro se*, they are nonetheless bound by the same rules of procedure that bind parties with attorneys of record.  *See, e.g.*, *Ghazali*, 46 F.3d at 54.

   In light of the foregoing, plaintiffs' motion for reconsideration and motion for leave to amend will be denied.

**III.    Conclusion**

   Accordingly,

   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for leave to file second amended complaint (ECF No. 37) be, and the same hereby is, DENIED.

   IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration (ECF No. 38) be, and the same hereby is, DENIED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Because the court's February 24th order (ECF No. 36) dismissed plaintiffs' amended
2  complaint (ECF No. 9) in its entirety, no claims remain. The clerk is therefore instructed to close
3  the case.
4  DATED April 7, 2017.

                                                                                                                                  _____
                                                                                                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**